Jill L. Rosenberg
Aimee B. Florin
Heather A. Glatter
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Tel:    212-506-5000

Nancy E. Rafuse
Tracey T. Barbaree
James J. Swartz, Jr.
ASHE, RAFUSE & HILL, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
Tel:    404-253-6000
(Admitted *Pro Hac Vice*)

Attorneys for CVS Caremark Corporation and
CVS Albany L.L.C.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANDFORD WOODY, individually and on behalf of all other persons similarly-situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>CVS CAREMARK CORPORATION, d/b/a/ CVS, a Delaware Corporation, and CVS ALBANY, L.L.C.<br><br>                              Defendants. | Case No.:  1:07-cv-08733-DAB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendants CVS Caremark Corporation ("CVS Caremark"),[1] appearing specially and without waiver of jurisdictional defenses, and CVS Albany, L.L.C. ("CVS Albany") (CVS Caremark and CVS Albany will sometimes be referred to collectively as "Defendants" herein) file their Answer and Defenses to the Amended Complaint and Jury Demand ("Amended

---

[1] Plaintiff alleges in the case caption that CVS Caremark Corporation is doing business as "CVS." CVS Caremark explicitly denies that it is doing business as "CVS."

Complaint") filed against them by Plaintiff Sandford Woody ("Woody" or "Plaintiff") on behalf of himself and an alleged group of "similarly situated" individuals whom he purports to represent, the existence of which is expressly denied, and hereby answer as follows:

## NATURE OF THE ACTION

1.      Defendants admit that Plaintiff purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. §216(b), but deny that Plaintiff, or any group he purports to represent, the existence of which is expressly denied, is entitled to collective treatment or to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2.      Defendants admit that Plaintiff purports to bring an action on behalf of himself and an alleged class, the existence of which is expressly denied, under the New York Labor Law, New York State Department of Labor regulations, and Federal Rule of Civil Procedure 23, but deny that Plaintiff, or any class he purports to represent, the existence of which is expressly denied, is entitled to class treatment or to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3.      Defendants admit that this Court has subject matter jurisdiction to consider the FLSA claim(s) of the named Plaintiff, but deny that Plaintiff or any group he purports to represent, the existence of which is expressly denied, is entitled to collective or class treatment or to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

5.    Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

6.    Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

7.    Defendants deny that this Court has personal jurisdiction over Defendant CVS Caremark.  Defendants admit that this Court has personal jurisdiction over Defendant CVS Albany.

8.    Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9.    Defendants admit that venue is proper, with respect to Defendant CVS Albany, in this judicial district.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10.    Defendants admit that 28 U.S.C. §§ 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ," but deny that Plaintiff or any group and/or class he purports to represent, the existence of which is expressly denied, is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint.

## THE PARTIES

11.    Defendants are without sufficient information or knowledge to admit or deny, and therefore deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12.    Defendants admit that Plaintiff was employed in New York County, New York by CVS Albany as an Assistant Store Manager from on or about February 7, 2005 until his

termination for job abandonment on or about September 12, 2006. Defendants expressly deny that CVS Caremark was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14.    Defendants admit that CVS Caremark is a Delaware corporation.

15.    Defendants admit that CVS Caremark's principal place of business is located at One CVS Drive, Woonsocket, Rhode Island 02895.

16.    Defendants admit that CVS Albany is a New York limited liability company. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.    Defendants admit that CVS Albany was and is doing business in the State and County of New York. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

18.    Defendants admit that Plaintiff purports to seek to prosecute a collective action under the FLSA on behalf of a group of persons, the existence of which is expressly denied, but deny that Plaintiff or the group he purports to represent are "similarly situated" and/or entitled to collective or class treatment or to any relief whatsoever. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19.    Defendants admit that Plaintiff contends that joinder of all members of his proposed "opt-in" action is impracticable. Defendants deny that Plaintiff can "represent" this

proposed impractical group under 29 U.S.C § 216(b), which requires each person to affirmatively opt in. Defendants deny the existence of any alleged "collective action" class and deny the remaining allegations set forth in Paragraph 19 of the Amended Complaint.

20.    Defendants deny that Plaintiff can "represent" his proposed impractical group under 29 U.S.C. § 216(b), which requires each person to affirmatively opt in.. Defendants deny the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint, subparagraphs (a) through (g) included.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

## CLASS ALLEGATIONS

24.    Defendants admit that Plaintiff purports to bring this action on his own behalf and on behalf of an alleged "class of persons," the existence of which is expressly denied, under Rule 23 of the Federal Rules of Civil Procedure, but deny that Plaintiff and/or the alleged "class of persons" he purports to represent, the existence of which is expressly denied, meet the requirements under Rule 23 of the Federal Rules of Civil Procedure and/or are entitled to any relief whatsoever. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Defendants admit that Plaintiff purports to assert an action under the New York Labor Law on behalf of a group of persons, the existence of which is expressly denied, but deny that Plaintiff or the group he purports to represent, the existence of which is expressly denied,

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and/or are entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    Defendants deny the existence of any alleged class, and deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    Defendants deny the existence of any alleged class, and deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28.    Defendants deny the existence of any alleged class, and deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.    Defendants deny the existence of any alleged class, and deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.    Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint, subparagraphs (a) through (e) included.

## STATEMENT OF FACTS

32.    Defendant CVS Albany admits that it operates retail pharmacy stores in the State of New York, but denies that it operates retail pharmacy stores throughout the United States. CVS Caremark denies that it operates retail pharmacy stores in the State of New York or throughout the United States.

33.    Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendants admit that Plaintiff was employed as an Assistant Store Manager by CVS Albany.  Except as expressly

admitted herein, Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendant CVS Albany admits that during Plaintiff's employment with CVS Albany, Plaintiff had the managerial duties relating to opening and closing the store, the managerial duties of handling and accounting for money and deposits, and other managerial duties relating to the operation of the store.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendant CVS Albany admits that during Plaintiff's employment with CVS Albany, Plaintiff's duties were to be performed for CVS Albany's benefit and in the ordinary course of CVS Albany's business. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law.  Defendant CVS Albany

admits that it does not pay overtime to exempt managers. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer or the employer of other individuals in the alleged group Plaintiff purports to represent, the existence of which is expressly denied, as the term "employer" is defined by the FLSA or the New York Labor Law. Defendant CVS Albany admits that it employed Plaintiff from on or about February 7, 2005 until on or about September 12, 2006. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer or the employer of other individuals in the alleged group Plaintiff purports to represent, the existence of which is expressly denied, as the term "employer" is defined by the FLSA or the New York Labor Law. Defendant CVS Albany admits that it does not pay overtime to exempt managers. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer or the employer of other individuals in the alleged group Plaintiff purports to represent, the existence of which is expressly denied, as the term "employer" is defined by the FLSA or the New York Labor Law. Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.     Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer or the employer of other individuals in the alleged group Plaintiff purports to represent, the existence of which is expressly denied, as the term "employer" is defined by the FLSA or the

New York Labor Law.   Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

43.    Defendants deny the existence of "Collection Action Members" and reincorporate their responses to Paragraphs 1-42 as if fully set forth herein.

44.    Defendant CVS Caremark denies the allegations set forth in Paragraph 44 of the Amended Complaint.   Defendant CVS Albany admits it is subject to the FLSA.   Except as expressly admitted herein, Defendant CVS Albany denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45.    Defendant CVS Caremark denies the allegations set forth in Paragraph 45 of the Amended Complaint.   Defendant CVS Albany admits that it employed Plaintiff. .  Except as expressly admitted herein, Defendant CVS Albany denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46.    Defendants each admit that their respective annual gross revenue is not less than $500,000.00.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.    Defendants admit that Plaintiff filed, with this Court in this civil action,a "Consent to Become a Party Plaintiff."  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48.    Defendant CVS Caremark expressly denies that it was ever Plaintiff's employer, as that term is defined by the FLSA.   Defendant CVS Albany admits that it does not pay overtime to exempt managers.   Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.    Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF:**
**NEW YORK LABOR LAW**

53.    Defendants deny the existence of "members of the Class" and reincorporate their responses to Paragraphs 1-52 as if fully set forth herein.

54.    Defendant CVS Caremark denies the allegations in Paragraph 54 of the Amended Complaint.  Defendant CVS Albany admits that it employed Plaintiff.  Except as expressly admitted herein, CVS Albany denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

### Response to Plaintiff's Unnumbered Prayer for Relief

Defendants deny that Plaintiff or any group of individuals he purports to represent either as a collective action or class, the existence of which is expressly denied, is/are entitled to collective or class action treatment or to any of the relief identified in the "Wherefore" Paragraph as stated in Plaintiff's "Prayer for Relief" immediately following Paragraph 51 of the Amended Complaint, subparagraphs (a) through (i) included, or to any other relief of whatsoever nature. Defendants deny the allegations set forth in the paragraph immediately following Paragraph 57 of the Amended Complaint.

### Response to Plaintiff's Jury Demand

In response to Plaintiff's "Demand for Trial by Jury" immediately following Plaintiff's "Prayer for Relief" Paragraph, Defendants admit that Plaintiff demands a trial by jury but deny that Plaintiff or any group of individuals he purports to represent either as a collective action or class, the existence of which is expressly denied, is entitled to such trial by jury on all questions of fact or all claims or relief sought in the Amended Complaint. Defendants further deny that Defendants' Seventh Amendment rights would be protected in any such trial of Plaintiff's claims and/or relief sought. Except as expressly admitted herein, Defendants deny the allegations set forth in the paragraph immediately following the "Prayer for Relief" Paragraph in the Amended Complaint.

### GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

CVS Caremark is a Delaware corporation with its principal place of business in Rhode Island. CVS Caremark is not doing business in and is not registered to do business in New York. Further, CVS Caremark does not maintain a registered agent in New York. Therefore, this Court lacks personal jurisdiction over CVS Caremark. For purposes of this Answer, CVS Caremark appears specially and without waiving any jurisdictional defenses.

### SECOND AFFIRMATIVE DEFENSE

CVS Caremark is not now nor ever was the employer, as that term is defined by the Fair Labor Standards Act ("FLSA") or the New York Labor Law, of Plaintiff or any group of individuals he purports to represent, the existence of which is expressly denied, and is not a proper party to this lawsuit. Plaintiff's employer, as that term is defined by the FLSA or the New York Labor Law, was CVS Albany.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint fail to state a claim upon which relief may be granted against Defendants by this Court.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The certification and trial of this case as a collective and/or class action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Notice to the alleged groups which Plaintiff purports to represent, the existence of which is expressly denied, would be a violation of Defendants' due process rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements of a collective action, and some or all of the claims asserted in the Amended Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged groups of persons whom he purports to represent, the existence of which is expressly denied.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is an inadequate representative of the alleged groups of persons whom he purports to represent, the existence of which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiff on behalf of himself and the groups of persons which Plaintiff purports to represent, the existence of which is expressly denied, are matters in which questions affecting only individuals predominate and, accordingly, are not appropriate for collective or class treatment.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Amended Complaint are barred because Plaintiff and/or members of the alleged group of persons which Plaintiff purports to represent, the existence of which is expressly denied, at all times relevant to this action were exempt from the minimum wage and overtime provisions of the FLSA pursuant to 29 U.S.C § 213(a)(1), including, but not limited to the executive and/or administrative exemptions.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Amended Complaint are barred because Plaintiff and/or members of the alleged group of persons which Plaintiff purports to represent, the existence of which is expressly denied, at all times relevant to this action were exempt under the minimum wage, overtime, and exemption provisions of the New York Labor Law, §§ 650 *et seq.* and applicable regulations, including, but not limited to the executive and/or administrative exemptions contained therein.

## THIRTEENTH AFFIRMATIVE DEFENSE

The interests of the Plaintiff and/or some or all of the members of the groups of individuals he seeks to represent, the existence of which is expressly denied, are in conflict.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred because a class and/or collective action would be unmanageable and is not superior to other available methods for the fair and efficient adjudication of this controversy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are unsuitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint fail to meet the mandatory requirements of Federal Rule of Civil Procedure 23(a) or (b).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are unsuitable for class treatment because the class of persons Plaintiff purports to represent, the existence of which is expressly denied, is not so numerous that joinder of all purported members is impracticable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to raise some or all of the claims asserted, to represent the proposed class, and/or to seek the relief sought in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Injunctive or declaratory relief is not available with respect to some or all of the claims asserted in the Amended Complaint and final injunctive relief or declaratory relief is not appropriate for class treatment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and/or some or all of the members of the alleged groups of persons which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

With respect to some or all claims alleged by Plaintiff and/or members of the alleged groups of persons which he purports to represent, the existence of which is expressly denied, Defendants plead that any act(s) and/or omission(s) which may be found to be in violation of the

rights afforded by the FLSA or the New York Labor Law were not willful, but occurred in good faith and were based upon reasonable grounds that they were not violations of the FLSA, the New York Labor Law, and/or other applicable law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff and/or some or all of the members of the alleged group which he purports to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which compensatory, consequential, or liquidated damages may be granted.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims for damages or relief are barred because such damages or relief are not available under applicable law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor members of the alleged group which he purports to represent, the existence of which is expressly denied, may recover liquidated damages, because neither Defendants nor any of their officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may not proceed as a class action under New York Labor Law because Plaintiff seeks to recover liquidated damages. Should Plaintiff seek to waive his

rights to liquidated damages to avoid this obstacle, Plaintiff will be unable to adequately represent the interests of members of the alleged group Plaintiff purports to represent, the existence of which is expressly denied, who will be forced to forego full potential relief under New York Labor Law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Venue is not proper in the Southern District of New York with respect to CVS Caremark.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the New York State Department of Labor and/or its Wage and Hour Division Administrator of the Wage and the Hour Division of the United States Department of Labor.

### THIRTIETH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are or may become barred by evidence of the wrongdoing of Plaintiff or members of the groups of persons Plaintiff purports to represent, the existence of which is expressly denied.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Some or all of the claims are barred in whole or in part by the doctrine of avoidable consequences.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the claims are barred to the extent job performance did not meet the employer's reasonable expectations and/or requirements for the position held.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Amended Complaint are barred under the doctrine of election of remedies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint under the New York Labor Law are barred, in whole or in part, to the extent they are preempted by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset, setoff, or recoupment with respect to any damages allegedly suffered by Plaintiff or by members of the groups of persons Plaintiff purports to represent, the existence of which is expressly denied.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the members of the alleged group Plaintiff purports to represent, the existence of which is expressly denied, are barred because their unwillingness or

inability to perform the required duties of the position held does not alter their status as "exempt" employees under the FLSA and/or the New York Labor Law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of settlement and release.

### FORTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's class claim(s) asserted under the New York Labor Law because declining to exercise such jurisdiction is mandatory under 28 U.S.C. § 1332(d)(4)-(d)(5).

### FORTY-FIRSTAFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's class claim(s) asserted under the New York Labor Law because: (1) greater than two-thirds of the members of Plaintiff's proposed class, the existence of which is expressly denied, are citizens of the State of New York; (2) CVS Albany, a New York limited liability company, is a defendant (a) from whom significant relief, entitlement to which is expressly denied, is sought by Plaintiff and on behalf of his proposed class, the existence of which is expressly denied, and (b) whose alleged conduct, the wrongfulness of which is expressly denied, forms the basis for the claims asserted by Plaintiff and his proposed class, the existence of which is expressly denied; and (3) principal injuries alleged by Plaintiff and on behalf of his proposed class, the existence of which is expressly denied, allegedly incurred in the State of New York, but the existence and causation of any such injuries is expressly denied. Further, this Court lacks subject matter jurisdiction over Plaintiff's class claim(s) asserted under the New York Labor Law because no similar class action has been filed against either of the Defendants in the past three years.

## FORTY-SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's class claim(s) asserted under the New York Labor Law because two-thirds or more of the members of Plaintiff's proposed class, the existence of which is expressly denied, are citizens of the State of New York and Defendant CVS Albany is a New York limited liability company.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to assert, plead, and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through discovery or further assertions by Plaintiff or persons Plaintiff purports to represent, the existence of which is expressly denied.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having answered and responded to the allegations in the Amended Complaint, Defendants respectfully request that:

(1)    Plaintiff's individual claims be dismissed with prejudice in their entirety;

(2)    collective action status be denied, or in the alternative, that all collective claims be dismissed with prejudice;

(3)    class action status be denied, or in the alternative, that all class claims be dismissed with prejudice;

(4)    each and every prayer for relief contained in the Amended Complaint be denied;

(5)    judgment be entered in favor of Defendants;

(6)    all costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

(7)    Defendants be granted such other relief as this Court may deem just and proper.

Dated: New York, New York                Respectfully submitted,
       June 19, 2008

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        Attorneys for Defendant CVS Caremark corporation

                                        By:    /s/ Aimee B. Florin
                                                Jill L. Rosenberg
                                              Aimee B. Florin
                                                Heather A. Glatter
                                                666 Fifth Avenue
                                              New York, New York 10103
                                              Tel:    212-506-5000

                                              Nancy E. Rafuse
                                              Tracey T. Barbaree
                                              James J. Swartz, Jr.
                                              ASHE, RAFUSE & HILL, LLP
                                              1355 Peachtree Street, N.E., Suite 500
                                              Atlanta, Georgia 30309
                                              Tel:    404-253-6000
                                              (Admitted *Pro Hac Vice*)